3007708-JPB # 6185185

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONSTANCE A. MANPRISIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No: 08C-4380 |
| | ) | Judge Manning |
| WAL-MART STORES, INC. | ) | Magistrate Schenkier |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Defendant, WAL-MART STORES, INC., by and through its attorney, James P. Balog, pursuant to Federal Rules of Civil Procedure 8, 10, 11, 12, and 81(c), and in Answer to Plaintiff's Complaint at Law, states as follows:

1. At all times herein complained of, the Defendant, WAL-MART STORES, INC., was and still is a foreign corporation organized under the laws of the State of Delaware, licensed to do business in the State of Illinois.

> **ANSWER:** The Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint at Law.

2. At all times herein complained of, the Defendant, WAL-MART STORES, INC., did and still does business in Cook County, Illinois.

> **ANSWER:** The Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint at Law.

3. On or about June 3, 2008, the Defendant, WAL-MART STORES, INC., owned, operated, managed, and maintained a place of business, the structures, the land, and the premises located at 9064 W. 1589th St., Orland Hills, Illinois.

> **ANSWER:** The Defendant admits that it operated and maintained a place of business located at 9064 W. 1589th Street, Orland Hills, Illinois; the Defendant denies the remaining allegations and legal conclusions in Paragraph 3 of Plaintiff's Complaint at Law.

4. At said time and place, the Plaintiff, CONSTANCE A. MANPRISIO, was lawfully upon said premises.

> **ANSWER:** The Defendant admits that the plaintiff, Constance A. Manprisio, was on the premises on the date in question, but denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint at Law.

5. At all times material herein, the Plaintiff, CONSTANCE A. MANPRISIO, was in the exercise of ordinary care and caution for her own safety.

> **ANSWER:** The Defendant denies that the plaintiff, Constance A. Manprisio, was in the exercise of ordinary care and caution for her own safety.

6. At all times herein referred to, it was the duty of the Defendant, WAL-MART STORES, INC., to exercise a reasonable degree of care and caution in the ownership, operation, management, maintenance, and upkeep of said premises for the safety of those person, including the Plaintiff, CONSTANCE A. MANPRISIO, who were lawfully on the said premises.

> **ANSWER:** The Defendant admits only those duties imposed by law, and therefore, neither admits nor denies the duties as stated in Paragraph 6 of Plaintiff's Complaint at Law.

7. At all times herein referred to, it was the duty of the Defendant, WAL-MART STORES, INC., to exercise a reasonable degree of care and caution in the inspection of their premises, whereby they would have discovered the dangerous condition that caused Plaintiff's injury.

> **ANSWER:** The Defendant admits only those duties imposed by law, and therefore, neither admits nor denies the duties as stated in Paragraph 7 of Plaintiff's Complaint at Law.

8. At said time and place, the Plaintiff, CONSTANCE A. MANPRISIO, was seriously injured when she was caused to fall when a dangerous condition was allowed to exist at said premises.

> **ANSWER:** The Defendant denies that the plaintiff, Constance A. Manprisio, was seriously injured when she was caused to fall when a dangerous condition was allowed to exist at said premises.

9. At said time and place, notwithstanding its aforesaid duty, the Defendant, WAL-MART STORES, INC., by and through its agents and/or employees, was then and there guilty of one or more of the following acts and/or omissions:

    a. Carelessly and negligently spilled fabric softener on the floor;

    b. Carelessly and negligently failed to inspect said premises in a reasonable manner to discovery the fabric softener;

    c. Carelessly and negligently failed to warn of the aforesaid conditions and Defendant knew, or reasonably should have known, about the spilled fabric softener; and

    d. Carelessly and negligently failed to clean and remove said condition and Defendant knew, or reasonably should have known, about it.

**ANSWER:** **The Defendant denies the allegations as stated in Paragraph 9 of Plaintiff's Complaint at Law, including subparts (a) – (d).**

10. As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of the Defendant, WAL-MART STORES, INC., the Plaintiff, CONSTANCE A. MANPRISIO, was then and there injured and suffered pain, disability, disfigurement, medical bills, lost earnings, and other losses and will continue to suffer such damages in the future.

**ANSWER:** **The Defendant denies the allegations as stated in Paragraph 10 of Plaintiff's Complaint at Law.**

WHEREFORE, the Defendant, WAL-MART STORES, INC., denies that the plaintiff is entitled to judgment in any sum and prays that the within suit be dismissed at plaintiff's cost.

### AFFIRMATIVE DEFENSE

NOW COMES the Defendant, WAL-MART STORES, INC., by and through its attorney, James P. Balog, pursuant to Federal Rule of Civil Procedure 8(c)(1), and for its Affirmative Defense to Plaintiff's Complaint at Law, states as follows:

1. That before and at the time of the occurrence alleged in Plaintiff's Complaint, Plaintiff was under a duty to exercise ordinary care for her own safety. That if the Plaintiff was

3

injured and sustained damages as alleged in her Complaint at Law, then injuries and damages were sustained as a direct and proximate result of her breach of this duty when she committed one or more of the following negligent acts and/or omissions:

      (a)     Failed to keep a proper lookout; and/or,

      (b)     Failed to notice an open and obvious condition; and/or,

      (c)     Fell on a surface that was dry and clean; and/or,

      (d)     Was otherwise careless and/or negligence at the time of the incident.

WHEREFORE, Defendant, WAL-MART STORES, INC., respectfully requests that if the trier of fact finds in favor of the Plaintiff on the issue of liability that any amount of damages awarded to the Plaintiff be reduced by the percent of negligence attributable to the Plaintiff which caused or contributed to the alleged injuries or damages. Alternatively, should the trier of fact find that the Plaintiff's fault exceeds 50%, that judgment be entered in favor of the Defendant and against the Plaintiff herein with prejudice at the cost of the Plaintiff.

                Respectfully Submitted,

By: _____
     James P. Balog, Attorney for Defendant
     Wal-Mart Stores, Inc.

James P. Balog, Esq.
Attorney for Defendant
SmithAmundsen LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
Attorney No. 6185185